This is an action in which plaintiff seeks to recover the sum of $600 on an I.O.U. of the defendant. The defense sets up the lack of any demand for payment, together with the plea that the obligation had been extinguished, and, finally, a reconventional demand for the sum of $600 alleged to be due for repairs performed by defendant on motor trucks owned by plaintiff. After trial there was judgment in favor of plaintiff for the amount sued for, and further judgment dismissing defendant's reconventional demands as of non-suit, from which judgment defendant prosecutes this appeal.
This matter involves solely a question of fact which was resolved by the learned Judge ad hoc in favor of plaintiff.
The instrument which forms the basis of plaintiff's suit is typewritten on a letterhead of plaintiff's insurance agency, signed by the defendant, and reads in full as follows:
"November 15, 1946.
"Mr. J. L. McInnis
"Box 271
"Minden, Louisiana
"I owe you $600.00 payable in sixty (60) days.
"(Signed) 'L. T. Brown'
"L. T. Brown"
There is no question as to the execution of the above described instrument, nor as to the fact that defendant actually received the sum of $600 in cash at the time of signing the said due bill. In consideration of these points, there can be no doubt but that plaintiff has satisfactorily discharged the burden placed upon him with respect to the establishment of the validity of the original obligation.
Turning to the defense advanced, we find that defendant strenuously contends that the money received on the due bill was actually a cash advance against his account for repairs to certain trucks owned by plaintiff. The preponderance of the evidence fails to bear out this claim on the part of defendant and this defense accordingly fails.
As to defendant's reconventional demand, the evidence is too vague, confused *Page 337 
and conflicting to serve as a basis for judgment. In recognition of these facts, and in a praiseworthy attempt to preserve whatever rights might be susceptible of definite establishment by defendant, the Judge ad hoc did not reject the reconventional demand but simply dismissed the same as of non-suit. This equitable action preserves defendant's rights and, in our opinion, does substantial justice between the parties.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.